UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-CR-0265-CVE |
| JORDEN MICHAEL ROBERTS, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 42). Defendant asks the Court to dismiss counts two, three, and four of the second superseding indictment, because plaintiff sought a superseding and second superseding indictment to punish defendant for making a legitimate discovery request. Dkt. # 42. Plaintiff responds that defendant has failed to make a threshold showing that plaintiff had a vindictive motivation for bringing additional criminal charges against him, and plaintiff had a legitimate reason for any delay in bringing new charges against defendant. Dkt. # 45.

On May 24, 2021, a magistrate judge signed a complaint charging defendant with failure to register as a sex offender, and a grand jury subsequently returned an indictment for the same charge. Dkt. ## 1, 8. Defendant made his initial appearance before a magistrate judge on July 2, 2021, and the magistrate judge appointed counsel to represent defendant. Dkt. # 13. Defense counsel requested that plaintiff provide discovery materials concerning defendant's criminal history, because defense counsel believed this information was necessary to advise defendant of the advisory guideline range for the charged offense. Dkt. # 42, at 2. The United States Probation Office had

already provided defense counsel with a copy of the pretrial services report containing information about defendant's criminal history, but defense counsel believed the criminal history in the pretrial services report was incomplete. Id. Defense counsel claims that plaintiff refused to provide the requested information, even after defense counsel threatened to file a motion to compel. Dkt. # 42, at 2. In September 2021, plaintiff provided defense counsel with the requested information concerning defendant's criminal history, and plaintiff states that this was the same information that had already been provided to defense counsel by the probation office. Id. at 3; Dkt. # 45, at 6-7. On September 28, 2021, plaintiff advised defense counsel that it would be seeking a superseding indictment adding a charge of first degree burglary against defendant, and defense counsel claims that plaintiff's counsel, Victor Regal, orally agreed not to seek a superseding indictment if defendant would change his plea to the existing charge of failing to register as a sex offender. Id. at 3. The parties do not dispute that counsel for both parties discussed whether there was a way to proceed without the filing of a superseding indictment, but plaintiff states that Regal did not make any "promises or assurances" concerning the filing of a superseding indictment. Dkt. # 45, at 2.

On October 6, 2021, defendant alleges that Regal told defense counsel that any oral offer to allow defendant to plead to the original indictment only was no longer available, and plaintiff intended to seek a superseding indictment against defendant. Dkt. # 42, at 3. Regal allegedly told defense counsel to speak to "management" or "leadership" about the charging decision, and Regal identified Ryan Roberts as the person with authority to make the charging decision. Id. Defense counsel spoke to Roberts about allowing defendant to change his plea to the original indictment, and defense counsel claims that Roberts believed that defendant had "plenty of time" to make a decision concerning whether to plead guilty to the charge in the original indictment. Dkt. # 42, at 4. Defense

2

counsel claimed that any delay in defendant's decision to plead guilty was attributable to Regal's failure to provide additional discovery concerning defendant's criminal history, but Roberts chose to seek a superseding indictment from the grand jury. Defense counsel's allegations concerning plaintiff's decision to seek a superseding indictment do not support an inference that Roberts had prior knowledge of the alleged discovery dispute before plaintiff made its charging decision. Id.

On October 13, 2021, a grand jury returned a superseding indictment charging defendant with failure to register as a sex offender and first degree burglary in Indian country. Dkt. # 27. Id. On November 3, 2021, a grand jury returned a second superseding indictment charging defendant with failure to register as a sex offender (count one), first degree burglary in Indian country (count two), assault with a dangerous weapon with intent to do bodily harm in Indian country (count three), and being a felon in possession of a firearm and ammunition (count four).

The Supreme Court has explained that a prosecutor's motivation to seek to punish the defendant is inherent in the criminal justice system, because "the imposition of punishment is the very purpose of virtually all criminal proceedings." United States v. Goodwin, 457 U.S. 368, 372 (1982). However, the Supreme Court has also recognized that a person "may not be punished for exercising a protected statutory or constitutional right," but "[m]otives are complex and difficult to prove." Id. at 373. A court's focus in analyzing a claim of vindictive prosecution must be "whether 'as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus toward the defendant because he exercised his specific legal right." United States v. Contreras, 108 F.3d 1255, 1262 (10th Cir. 1997) (quoting United States v. Raymer, 941 F.2d 1031, 1042 (10th Cir. 1991)). "To establish a claim of vindictive prosecution, the defendant must show either: (1) actual vindictiveness or (2) a reasonable likelihood

of vindictiveness, which then raises a presumption of vindictiveness." Id. If the defendant can establish actual or presumed vindictiveness, the burden shifts to the government to establish "legitimate, articulable, objective reasons" for its prosecutorial decision, but the district court does not need to reach this issue if the defendant fails to make a showing of vindictiveness. Id.

Defendant has not identified any direct evidence of prosecutorial vindictiveness, and the Court will consider whether defendant can make a showing of presumptive vindictiveness. Defendant claims that the United States Attorney's Office was aware of the conduct supporting the new charges alleged in counts two, three, and four of the second superseding indictment at the time the original indictment was filed, but plaintiff only sought to bring the new charges against defendant after he requested additional discovery about his criminal history. Dkt. # 42, at 5. Defendant claims that Regal provided the discovery and made an oral promise to refrain from seeking a superseding indictment if defendant would change his plea to the single charge contained in the original indictment. Id. at 3. Regal subsequently advised defense counsel that he was withdrawing the oral plea offer and he would be seeking a superseding indictment. Id. Defense counsel asked Regal to reconsider his decision to withdraw the oral offer, and Regal told defense counsel that she would have to speak to Roberts about the possible filing of a superseding indictment. Id. at 4. Defense counsel blamed Regal for failing to provide discovery about defendant's criminal history, and it appears that Roberts was unaware of the alleged discovery dispute. Id. Roberts advised defense counsel that plaintiff would seek a superseding indictment adding a first degree burglary charge against defendant. Id.

The Court finds that there are no allegations tending to support a finding that plaintiff acted vindictively by bringing additional charges against defendant and without allowing defendant to

4

plead only to the single charge contained in the original indictment. The mere fact that plaintiff chose not to bring all possible charges in the original indictment is insufficient to establish that a later-filed indictment was filed with a vindictive motivation, and "suspicious timing alone does not indicate prosecutorial animus." United States v. Bucci, 582 F.3d 108, 114 (1st Cir. 2009). The Court finds that there are no other circumstances present beyond the alleged "suspicious timing" of the filing of the superseding and second superseding indictments that would support an inference of prosecutorial vindictiveness. The Court initially notes that the attorney who was primarily responsible for making the decision to seek a superseding indictment, Roberts, was unaware of the alleged discovery dispute involving defendant's criminal history, and there are no allegations suggesting that the discovery dispute was a factor in the decision to bring additional charges against defendant. Instead, Roberts told defense counsel that defendant had more than enough time to make a decision concerning a possible plea to the charge in the original indictment, and this was a reasonable belief under the circumstances. Defendant has failed to make a showing of any connection between the discovery dispute and the charging decision. The Court also notes that defendant was likely already in possession of the information about his criminal history that he was "demanding" from Regal, because he acknowledges that his counsel received a copy of the pretrial services report from the United States Probation Office. Dkt. # 42, at 2. Plaintiff states that it simply forwarded defendant a copy of the same criminal history report that had already been provided to defendant as part of the pretrial services report in response to his discovery request. Dkt. # 45, at 6-7. In other words, the discovery dispute had no real bearing on defendant's decision as to whether to change his plea to the original indictment or plaintiff's decision to bring additional charges against defendant.

Even if defendant had made a preliminary showing of prosecutorial vindictiveness, the Court would also find that plaintiff had a legitimate reason for seeking a superseding indictment. Plaintiff states that it had knowledge of the facts supporting additional charges when the original indictment was filed, but it was unclear whether the state or federal government had jurisdiction over defendant as to the burglary and assault charges. Dkt. # 45, at 9. It was reasonable for plaintiff to verify that federal court was the appropriate forum in which to bring those charges, and there is no reason to infer that plaintiff's stated reason for delaying in bringing additional charges was vindictive. The Court finds that defendant has not made any showing that his discovery dispute with Regal had any impact on plaintiff's decision to bring additional criminal charges against him, and defendant's motion to dismiss (Dkt. # 45) is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 42) is **denied**.

**DATED** this 15th day of February, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE